# IN THE
## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

RYAN SPRINGS,
    Plaintiff,

v.

MINDI NURSE, *et al.*,
    Defendants.

Case No. 1:24-cv-01440-JEH

### Order

Plaintiff Ryan Springs, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging that Defendants were deliberately indifferent to his serious medical needs during an approximate 90-day period of imprisonment at Pontiac Correctional Center. Plaintiff is presently in prison at Lawrence Correctional Center. Several motions are before the Court.

### I

The Court found Plaintiff stated an Eighth Amendment claim against two Jane Doe nurses. Merit Review Order (Doc. 18). Plaintiff's Motion to Add Unidentified Doe Defendants (Doc. 38) seeks to substitute the Doe Defendants with nurses identified on medical records attached to his motion. Plaintiff asserts he cannot understand their handwriting to discern the names. Before the Court can competently rule on the motion, the names of the nurses are required. Their names appear to be S. Hutchison, RN, and B. McGrath, LPN. Defendants are directed to review all relevant documents and file a Status Report by 8/29/25 stating whether the names of these nurses are as interpreted by the Court, or if not, providing their names. *See Bryant v. City of Chicago*, 746 F.3d 239, 243-44 (7th Cir. 2014).

II

Plaintiff's Motion to Proceed and Reinstate Defendants Wexford Health Sources Incorporated and Illinois Department of Corrections and or Pontiac Correctional Center (Doc. 43) is a combined request for reconsideration and request to amend. Plaintiff also attaches several dozen pages of medical records, grievances, and other documents.

The motion seeks 1) to add conditions of confinement claims regarding various cell conditions at Pontiac, 2) to add claims related to his mental health treatment at Pontiac, and 3) reconsideration of the Merit Review Order (Doc. 18) as to a municipal liability claim against Wexford Health Sources, Inc.

To the extent Plaintiff seeks to add claims unrelated to the treatment of his eye cyst and the injury to the back of his head, Plaintiff's motion is denied. This suit will proceed to resolve claims related to these treatment issues. The statute of limitations has not run for any other constitutional claims that may have arisen while Plaintiff was at Pontiac from April to July of 2024. If Plaintiff wants to pursue claims about the conditions of confinement at Pontiac, or about the mental health treatment he received at Pontiac, he should do so by filing a new complaint.

Joinder of certain other claims may be permissible under Rules 18 and 20. The Court found Plaintiff stated a claim related medical care against Warden Mindi Nurse, and Nurse could also be a proper Defendant as to issues with the constitutionality of the physical condition of the prison. Likewise, issues with Plaintiff's mental health treatment could conceivably involve certain overlapping Defendants, in addition to separate, new, Defendants. The expense and delay of including these other categories of claims in this action weigh against allowing joinder here. Plaintiff will suffer no prejudice because his claims (to the extent he could plausibly state these other claims) remain viable under the statute of limitations. In an exercise of its discretion to manage its docket and to ensure this

litigation remains manageable, the Court finds that joinder of additional claims will be denied here. Plaintiff must pursue additional claims in new, separate, case(s) if he wants to pursue them. *See Dorsey v. Varga*, 55 F.4th 1094, 1103 (7th Cir. 2022) ("A district court may, in its discretion, deny joinder even if the Rule 20(a)(2) requirements are met."); Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

To the extent Plaintiff seeks reconsideration of the Court's determination that he did not state a municipal liability claim against Wexford Health Sources, Inc., his motion is denied. Plaintiff's motion does not explain any legal defect in the Court's analysis in the Merit Review Order.

### III

Plaintiff's Motion for Hearing on Discoverable Documents (Doc. 46) seeks to generally challenge documents that were subpoenaed from IDOC, and IDOC's Administrative Review Board. Plaintiff was unable to attend a hearing at which the records were to be copied or produced and believes he should have been present with counsel to represent him. He disputes the date range of documents requested. He believes certain documents to be unreliable or inauthentic based on his review of them.

It appears Plaintiff is referring to the Notice of Copying Records (Doc. 35), which is a standard request for production of documents from counsel for non-IDOC-related Defendants to IDOC entities. There is nothing suspicious or improper about this document. Rather, it is just one formal way that lawyers request documents. If Plaintiff believes certain documents are inauthentic he can explain why in an attempt to challenge the use of those documents, if and when a Defendant tries to use them as evidence in this case. As discussed below, Plaintiff is not entitled to representation by counsel in this civil action.

Plaintiff's Motion (Doc. 46) is denied.

## IV

Plaintiff's third Motion for Appointment of Counsel (Doc. 50) again asks for Court assistance with finding a lawyer.

This Court does not possess the authority to require an attorney to accept *pro bono* appointments on civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). The most that the Court may do is to ask for volunteer counsel. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) ("… indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court."). The Court must determine: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, if the plaintiff appears competent to litigate it himself. *Pruitt*, 503 F.3d at 654–55 (citing *Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir. 1993)).

The Court earlier found Plaintiff had made a reasonable attempt to obtain counsel before asking the Court for help finding a lawyer, satisfying *Pruitt*'s first element. Order (Doc. 14).

As to the second inquiry, Plaintiff notes the complexity of litigation and states that an expert witness may be needed. He explains that he cannot use the internet or make phone calls freely because Lawrence Correctional Center is consistently on lockdown. He also complains about issue with timely receipt of his legal mail.

The Court has twice considered and denied Plaintiff's request for Court assistance with finding a volunteer lawyer. Plaintiff's current motion does not materially change the analysis. The Court finds Plaintiff is still able to represent himself in this case. If Plaintiff needs additional time to file pleadings, he can ask the Court for additional time and reasonable requests will be allowed. The Court

4

notes that Plaintiff has proven himself well capable of preparing and filing documents on the record, and generally in complying with Court directives, so far in this case. Undoubtedly Plaintiff would prefer to be represented by an attorney, and this Court would prefer that Plaintiff was represented, too. But there is far more demand for attorneys to provide free legal services to inmates than there is a supply of attorneys willing to volunteer. The Court must exercise its discretion as to when to undertake a search for a volunteer attorney. In this case the Court finds Plaintiff is able to represent himself, so the renewed motion is denied.

## V

Finally for purposes of this Order, Plaintiff has filed a Motion for Injunction and Immediate Transfer from Lawrence C.C. (Doc. 51).

### A

This 40-page pleading (with affidavits and attachments) raises a host of allegations related to Plaintiff's imprisonment at Lawrence Correctional Center. He alleges issues with mail delivery, excessive use of force, missing documents, excessive heat inside the prison during July 2025, loud circulation fans in the dayroom, exchanges of unpolite words between himself and guards resulting in segregation time, issues with laundry service, lost property, inadequate mental health services, inadequate hygiene supplies, issues with call passes, destruction of grievances and other materials, death threats by guards, and other issues.

Plaintiff asks that the Court order his immediate transfer from Lawrence Correctional Center in Sumner, Illinois, to East Moline, Sheridan, or Dixon Correctional Centers.

### B

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997); *accord Winter v.*

*Natural Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right"). To prevail, the moving party must demonstrate 1) likelihood of success on the merits, 2) lack of an adequate remedy at law, and 3) an irreparable harm will result if the injunction is not granted. *Foodcomm Int'l v Barry*, 328 F.3d 300, 303 (7th Cir. 2003). If the moving party meets the first three requirements, then the district court balances the relative harms that could be caused to either party. *Incredible Tech., Inc. v. Virtual Tech., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005).

The Prisoner Litigation Reform Act (PLRA) further limits the scope of the Court's authority to enter an injunction, in the corrections context. *Westefer v. Neal,* 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer,* 682 F.3d at 683 (the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage." (internal quotation marks and citation omitted)).

C

The Court takes seriously Plaintiff's allegation that prion guards at Lawrence Correctional Center have threatened to kill him. Concurrent with the entry of this Order, the Court will enter a separate order addressing Plaintiff's allegations. The Court will direct that order be sent to the Warden at Lawrence Correctional Center so that person is made aware of Plaintiff's allegations and can take proper steps as to those allegations.

The claims in this lawsuit relate to past occurrences at Pontiac Correctional Center. There is no further action to enjoin or restrain as to the Defendants in this

action. Any additional violation of Plaintiff's civil rights (including allegations like those he raises in his motion for injunctive relief) by other individuals at a different prison could possibly form the basis for another legal claim to be pursued in different, new, lawsuits, but such assertions are not the basis for this Court to issue an injunction.

Plaintiff is in prison at Lawrence Correctional Center in Sumner, Illinois. The venue for federal claims related to occurrences at Lawrence lies in the District Court for the Southern District of Illinois, as Lawrence County is situated in that District. *See* 28 U.S.C. 93(c) (outlining the Illinois counties that comprise the Southern District of Illinois).

Plaintiff's Motion for Injunction (Doc. 51) is denied.

**IT IS THEREFORE ORDERED:**

1) Defendants are directed to review Plaintiff's Motion to Add Unidentified Doe Defendants [38] and file a Status Report by 8/29/25 regarding the names of the nurses listed in those documents.

2) Plaintiff's Motion to Proceed and Reinstate [43] is DENIED.

3) Plaintiff's Motion for Hearing on Discoverable Documents [46] is DENIED.

4) Plaintiff's Motion for Appointment of Counsel [50] is DENIED.

5) Plaintiff's Motion for Injunction and Immediate Transfer [51] is DENIED.

*It is so ordered.*

Entered: August 25, 2025

s/Jonathan E. Hawley
U.S. District Judge